

**ORDERED in the Southern District of Florida on August 13, 2010.**

_____
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 09-37239-AJC
IN RE:                                                    CHAPTER 13

CARLOS DOUGLAS CAPRIROLO,

    Debtor.
_____ /

### ORDER DENYING DEBTOR'S MOTION FOR CONTEMPT AGAINST AMERIPORT, LTD & GRANTING AMERIPORT, LTD'S MOTION REQUESTING CONFIRMATION NO AUTOMATIC STAY IS IN EFFECT

THIS MATTER came before the Court on July 20, 2010, for hearing on a Motion for Contempt (CP 65) filed by the Debtor and a Motion Requesting Confirmation of No Automatic Stay In Effect (CP 64) filed by Creditor, Ameriport, Ltd. The Court having heard from the Creditor and the Debtor, Carlos Caprirolo, by and through counsel, and having reviewed the record in this case and prior cases filed by the Debtor and Mirtha Caprirolo, the non-debtor wife, denies the Motion for Contempt and grants the Motion Requesting Confirmation of No Automatic Stay In Effect for the following reasons.

*Case History*

On February 7, 2006, Debtor and his wife, Mirtha Caprirolo, filed their first bankruptcy Case No. 06-10366-BKC-RAM ("**First Bankruptcy**"). This case was dismissed on March 6, 2007 for failure to maintain plan payments. After the dismissal of the **First Bankruptcy**, on or about May 22, 2007, Creditor filed a foreclosure complaint and Lis Pendens against the Debtor, Carlos Caprirolo, and his co-borrower spouse, Mirtha Caprirolo. On January 15, 2008, a Final Judgment of Foreclosure was entered against the Debtor and his spouse by the 11th Judicial Circuit Court in and for Miami-Dade County, Florida in the amount of $418,797.51 due to the Debtor's default under the terms of the mortgage and note securing Creditor's interest in certain real property legally described as:

> LOTS 17, 18 AND 19, BLOCK 1 OF MAGNOLIA SUBDIVISION ADDITION 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 46, PAGE 89 OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

a/k/a 2318 Ali Baba Avenue, Opa Locka, Florida 33054

A foreclosure sale was originally scheduled for March 19, 2008. However, this sale was canceled due to a bankruptcy filing by Carlos Caprirolo, individually, on March 18, 2008, the day before the sale, Case No. 08-13171-BKC-RAM ("**Second Bankruptcy**"). The **Second Bankruptcy** was also dismissed for failure to maintain plan payments. A sale was subsequently re-scheduled for September 5, 2008, but was thereafter canceled due to a bankruptcy filing by Mirtha Caprirolo, individually, on September 4, 2008, the day before the sale, Case No. 08-22765-BKC-RAM ("**Third Bankruptcy**"). An order dismissing the **Third Bankruptcy** was entered November 17, 2008 for failure to file all required information.

Subsequent to the dismissal order, Creditor filed a Motion to Modify Order Dismissing Bankruptcy Case to Extend Prejudice Period to Two Years for Abusive Filing and Motion for Prospective Stay Relief of Creditor, Ameriport, Ltd. On January 27, 2009, after a hearing, at

2

which all interested parties appeared, including apparently the Debtor as the order states, the Court entered the Order Granting Prospective Relief from Stay Against Mirtha Consuelo Caprirolo and Carlos Caprirolo and Extending Prejudice Period to One Year ("**Order Granting Stay Relief and Extending Prejudice Period**").

Creditor then *again* scheduled a sale to occur on December 10, 2009; and, the sale was *again* canceled due to the filing of the instant bankruptcy on the morning of December 10, 2009 ("**Fourth Bankruptcy**"). The **Fourth Bankruptcy** was dismissed for the first time on January 5, 2010. On or about January 12, 2010, Creditor filed its Motion to Reset the Foreclosure Sale, and a sale date was set for April 13, 2010. The **Fourth Bankruptcy** was reinstated on or about February 23, 2010, but was dismissed for a second time on March 22, 2010. It was subsequently reinstated on April 7, 2010.

On or about April 13, 2010, and apparently in reliance on this Court's **Order Granting Stay Relief and Extending Prejudice Period**, the State Court conducted a foreclosure sale of the subject property. The Certificate of Title was issued and duly recorded in the Miami-Dade County Public Records on May 21, 2010.

On June 18, 2010, Creditor filed the Motion Requesting Confirmation of No Stay in Effect. Then, on June 23, 2010 the Debtor filed the Motion for Contempt requesting that this Court hold Creditor in contempt of Court for violating the **Order Granting Stay Relief and Extending Prejudice Period** and continuing with the foreclosure process after Debtor filed the instant **Fourth Bankruptcy**.

Debtor urges that the expiration of the prejudice period also marked the expiration of the prospective stay relief for the property in question, and that, therefore, the Creditor is in contempt for continuing to pursue the foreclosure sale.

Creditor disagrees with Debtor's interpretation of the Order and suggests that the Order's one year extension of the prejudice period is distinct and separate from the prospective *in rem* stay relief which was granted for all future bankruptcies involving the above-listed property. Creditor contends that if there was prospective stay relief, then Creditor could not have violated the automatic stay arising from the instant filing because the Creditor had already been relieved from the automatic stay with regards to the subject property.

*Conclusions of Law*

The **Order Granting Stay Relief and Extending Prejudice Period** contains four (4) distinct sections, each addressing separate matters. Section Two of the Order concerns prospective *in rem* stay relief. The Order clearly and unambiguously grants prospective *in rem* stay relief so that **no future bankruptcy filing** should hinder a foreclosure sale. The Court's Order does not attach a time period to the prospective *in rem* stay relief and instead states:

> 2. That in rem prospective Stay Relief is granted to Ameriport. Ltd, as Custodian, as to the above described real estate, and that such stay relief shall apply to all future bankruptcies which purport to involve the property noted above filed by Consuelo Mirtha Caprirolo or Carlos Caprirolo, or any person or entity filing or claiming an interest in the real estate, by, through, or under them. The clerk of the State Court is directed to disregard any and all future bankruptcy filings which are intended to stop or delay a foreclosure sale by AMERIPORT, LTD, as Custodian. The filing of a future bankruptcy shall not serve to stay or cancel a foreclosure sale, or the issuance of a certificate of title to the real estate to the purchaser.

The Court, separately and in a different section of the Order, addressed the issue of extending the prejudice period as to the Debtor individually. Section Three of the Order states:

> 3. That the prejudice period provided for in the Court's order of November 17, 2008, dismissing Debtor is hereby extended for a period of one year from November 17, 2008, and the prejudice period as to the filing of a bankruptcy by Carlos Caprirolo, Debtor in Case No. 08-13171-RAM, is hereby extended to one year from November 17, 2008.

4

The parties *do not* dispute that the Order prevents the Debtor from seeking the protection of the bankruptcy court for a period of one year from the entry of the Order on November 17, 2008. However, the parties disagree as to whether Debtor's filing of the instant **Fourth Bankruptcy** case imposed an automatic stay against Creditor with respect to the subject property or whether the prospective *in rem* stay relief prevented the imposition of the automatic stay. The Court agrees with the Creditor: once prospective *in rem* stay relief is granted, it cannot be re-imposed simply by a subsequent bankruptcy filing or reinstatement of case.

The issue of prospective stay relief was addressed in *In re Selinsky*, 365 B.R. 260, 264–65 (Bankr. S.D. Fla. 2007). In *Selinsky*, the debtors had filed bankruptcy five times in five years. *Id.* at 262. The court stated that "[t]here is little doubt . . . that the Debtor filed this case with the intent to delay or hinder [Mortgagee]'s foreclosure efforts," and that the filing of "'a bankruptcy petition merely to prevent foreclosure . . . is an abuse of the Bankruptcy Code.'" *Id.* (*citing In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995)). The court also found that the frequency with which the debtor continued to file bankruptcy cases demonstrated "a clear and overt disregard for the integrity of the bankruptcy process" and was "nothing short of abusive." *Id.* at 263.

The *Selinsky* court noted that the mere dismissal of the debtor's case would be ineffective in preventing future abuses because the debtor and her husband had been employing a "tag-team" effort. *Id.* at 264. A "tag-team" effort involves co-owners of a property and occurs where one member of the "tag-team" files bankruptcy right before their co-owned property is to be sold in a foreclosure proceeding. *Id.* The team member drags out the bankruptcy case for as long as possible until the case is finally dismissed. *Id.* After dismissal, the mortgagee re-schedules the property for sale; however, once the property is about to be sold at the re-scheduled foreclosure proceeding, the other "tag-team" member files for bankruptcy and again stops the sale. *Id.*

5

Under the scheme, at any given time, at least one "tag-team" member will be eligible to file for bankruptcy. *Id.* This scheme can stall a foreclosure proceeding repeatedly and sometimes for years on end. *Id.*

To protect a creditor's rights against "tag-team" serial filers, the *Selinsky* court specifically noted that prospective *in rem* stay relief was a "particularly effective method to combat tag-team serial filers who seek to prevent foreclosures" because the stay relief attaches to the property and not to the parties. *Id.*; *see, e.g., In re Price*, 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004); *In re Roeben*, 294 B.R. 840, 846 (Bankr. E.D. Ark. 2003); *In re Graham*, 1998 Bankr. LEXIS 961, 1998 WL 473051 (Bankr. E.D. Penn. Aug. 3, 1998). Once granted, prospective *in rem* relief removes the property from automatic stay protection should the Debtor, or a third party transferee, subsequently file a petition for bankruptcy. *Selinsky,* 365 B.R. at 264; *Price,* 304 B.R. at 773.[1]

Similarly, in the instant bankruptcy case, Debtor and his non-debtor wife first filed bankruptcy jointly in February of 2006, but have since employed the "tag team" approach. Debtor filed individually in March of 2008, followed by his wife filing individually in September 2008, and then the Debtor again filed individually in December 2010. The Honorable Robert A. Mark noticed the pattern when he issued his **Order Granting Stay Relief and Extending Prejudice Period**, stating that "the Creditor's allegations of serial and/or tag team bankruptcy filings [were] true, and that the Creditor ha[d] been harmed thereby."

It appears Judge Mark issued the Order because the Court found that the Debtor and his wife grossly abused the bankruptcy system by filing a series of tag-team petitions in a bad-faith effort to frustrate Creditor's foreclosure process. The language of the Order provides that

---

[1] *In rem* "orders are grounded in the bankruptcy court's jurisdiction over a *res,* which is property of the estate" and such orders do not require that the property co-owners or transferees be subject to the court's jurisdiction. *Roeben*, 294 B.R. at 846.

prospective *in rem* stay relief **shall apply to all future bankruptcies** that involve the subject property which are filed by the Debtor and/or his spouse, allowing any future foreclosure sale to proceed unimpeded.

The Court recognizes that substantial payments may have been remitted during the course of the various cases, but that is no basis to ignore the law of the case to reverse an order of Judge Mark. Such issues either were considered or should have been raised and considered before Judge Mark. His order is now final and it is unambiguous. No automatic stay was in effect upon the filing of the instant **Fourth Bankruptcy** case, pursuant to the **Order Granting Stay Relief and Extending Prejudice Period** with respect to this Creditor and with regards to the subject property.

The Debtor's reliance on *Roeben*, 294 B.R. at 846 and *Selinsky*, 365 B.R. at 267 is misplaced. Both *Roeben* and *Selinsky* extended the prejudice period and granted prospective *in rem* stay relief, but the lengths of time for each were not the same in either case. *Roeben*, 294 B.R. at 846, 848; *Selinsky*. 365 B.R. at 265, 267. In *Roeben* the Court extended the prejudice period to three (3) years and specifically limited the prospective *in rem* stay relief for six (6) months, *Roeben*, 294 B.R. at 846, 848; and, in *Selinsky*, the Court extended the prejudice period to two (2) years and granted prospective *in rem* stay relief as to the property in question indefinitely, *Selinsky*. 365 B.R. at 265, 267.

While the record indicates that on April 22, 2010, after the subject property was sold, the Creditor filed a Motion for Relief from Automatic Stay in the instant **Fourth Bankruptcy** case, the Court's denial of that motion does not affect the ruling herein. The Motion did not seek relief from stay under the authority of the **Order Granting Stay Relief and Extending Prejudice Period**, and, in fact, did not even reference the Order. Instead, the Motion represented that the Creditor sought relief on the basis that there was no equity in the property.

7

This Court, finding the Creditor failed to carry its burden, denied the Motion. The Court believes that filing was frivolous, but it does not impact this Court's decision.

Notwithstanding Debtor's filing of the instant bankruptcy petition, Creditor already had been granted *in rem* stay relief with regards to the property pursuant to the **Order Granting Stay Relief and Extending Prejudice Period**. Thus, Creditor was not in violation of this Court's Order when it completed its foreclosure action against the subject property. Accordingly, it is

**ORDERED AND ADJUDICATED** that Debtor's Motion for Contempt is DENIED and Creditor's Motion Requesting Confirmation of No Automatic Stay in Effect is GRANTED.

###

Copies furnished to:

Laila Gonzalez, Esa.
Lisa Ehrenreich, Esq.
Debtor
Nancy Herkert, Trustee
AUST

Attorney Ehrenreich is directed to mail a conformed copy of this order to all interested parties and to file a certificate of service with the Clerk of the Bankruptcy Court.